Filed 5/6/22  P. v. James CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARVIN LEE JAMES,<br><br>    Defendant and Appellant. | B313119<br>(Los Angeles County<br>Super. Ct. No. A633825) |

APPEAL from an order of the Superior Court of Los Angeles County, Patrick Connolly, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Marvin Lee James appeals from an order denying his petition for resentencing under Penal Code[1] section 1170.18, which is part of the Safe Neighborhoods and Schools Act (Proposition 47). Our review is under *People v. Wende* (1979) 25 Cal.3d 436.

In 1985, James was convicted of taking a vehicle without the owner's consent in violation of Vehicle Code section 10851, as a felony. In 2021, James petitioned for resentencing to reduce his conviction to a misdemeanor pursuant to Proposition 47 and section 1170.18. The People opposed the petition, indicating that James's prior conviction for violating former section 288a, subdivision (c)[2] disqualified him under section 667, subdivision (e)(2)(C)(iv). The trial court agreed with the People and denied James's petition on June 9, 2021.[3]

James appealed. We granted James's motion to settle the record on appeal and ordered the trial court to hold a hearing to reconstruct or settle the record with regard to what documents the trial court relied on in denying James's June 9, 2021 petition. The trial court held a hearing and stated that, in coming to its

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

[2] Effective January 1, 2019, section 288a was renumbered as section 287.

[3] A different panel of this court affirmed an order denying a prior section 1170.18 petition filed by James pertaining to a burglary conviction from 1979 on the same grounds, finding James was disqualified for relief based on his prior conviction for violating former section 288a, subdivision (c). (*People v. James* (Jan. 13, 2022, B313321) [nonpub. opn.].)

ruling, it considered a previous court order denying the petition, James's motion to reconsider, and two rap sheets. One of the rap sheets showed that James was convicted of violating former section 288a, subdivision (c) for oral copulation of an individual under 14 years of age by force. The trial court explained that James's petition and the rap sheets contained the same CDC number. The trial court further explained that it had reviewed the complaint and police report, but that it did not consider those documents in its ruling.

James's court-appointed counsel filed an opening brief which raised no issues and asked this court to conduct an independent review of the record under *People v. Wende, supra*, 25 Cal.3d 436. By letter, we advised James that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. James did not submit a brief.

We have examined the record and are satisfied no arguable issues exist and James's attorney has fully complied with the responsibilities of counsel. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende, supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

KIM, J.*

We concur:

LAVIN, Acting P. J.


EGERTON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.